

**U.S. Department of Justice**

*S. Amanda Marshall*
*United States Attorney*
*District of Oregon*
*1000 S.W. Third Avenue, Suite 600*
*Portland, OR   97204-2902*

*Office: (503)727-1000*
*Fax: (503) 727-1117*

June 14, 2012

Kristen L. Winemiller
Pacific Northwest Law LLP
1420 World Trade Center
121 S.W. Salmon Street
Portland, OR 97204

      Re:    *United States v. Calib James Austin;* 3:12-CR-220-SI
             Plea Offer

Dear Ms. Winemiller:

1.     **Parties/Scope**:  This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority. This agreement does not apply to any other charges other than those specifically mentioned herein.

2.     **Charges**:  Defendant agrees to waive indictment and plead guilty to Counts 1 and 2 of the information charging: [1] Conspiracy to Commit Assault Resulting in Serious Bodily Injury under 18 U.S.C. § 371; and [2] Assault Resulting in Serious Bodily Injury under 18 U.S.C. §§ 113(a)(6) and 1153 .

3.     **Penalties**:  The maximum sentence for Conspiracy under 18 U.S.C. §371 is 5 years' imprisonment, a fine of up to $250,000, three years of supervised release, and a $100 fee assessment. The maximum sentence for Assault Resulting in Serious Bodily Injury under 18 U.S.C. §§ 113(a)(6) and 1153 is 10 years' imprisonment, a fine of up to $250,000, three years of supervised release, and a $100 fee assessment.

4.     **Dismissal/No Prosecution**:  The USAO will move to dismiss at sentencing any remaining counts against defendant. The USAO further agrees not to bring additional charges against defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement.

5.     **Sentencing Factors**:  The parties agree that the court must determine an advisory sentencing guideline range pursuant to the United States Sentencing Guidelines. The court will then determine a reasonable sentence within the statutory range after considering the advisory sentencing guideline range and the factors listed in 18 U.S.C. § 3553(a). The parties' agreement herein to any guideline sentencing factors constitutes proof of those factors sufficient to satisfy the applicable burden of proof.

6.     **Acceptance of Responsibility**: Defendant must demonstrate to the court that he fully admits and fully accepts responsibility under USSG § 3E1.1 for his unlawful conduct in this case. If defendant does so, the USAO will recommend a three-level reduction in defendant's offense level (two levels if defendant's offense level is less than 16). The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any new or additional criminal offense, obstructs or attempts to

Kristen L. Winemiller
*United States v. Calib James Austin*
June 14, 2012
Page 2

---

obstruct justice as explained in USSG § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in USSG § 3E1.1.

7.  **Restitution**: Defendant agrees to pay full restitution, if any, in this case.

8.  **Guidelines Calculation**: The parties are making no agreement with respect to the advisory guideline range in this case. The government, however, agrees not to seek a sentencing enhancement for the use or brandishing of a weapon in the offense.

9.  **Sentencing Recommendation**: The government will reserve its ultimate sentence recommendation until after it has reviewed the Presentence Investigation Report and considered the factors under 18 U.S.C. § 3553(a). The government agrees to recommend that any sentence in this case run concurrent with any sentence imposed in Umatilla Tribal Court for the same underlying incident (Case Nos. CR 037, 038, 039, 040-12). Defendant may ask for any sentence he deems appropriate.

10. **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2).

11. **Court Not Bound**: The court is not bound by the recommendations of the parties or of the Presentence Report (PSR) writer. Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the court does not follow the agreements or recommendations herein.

12. **Full Disclosure/Reservation of Rights**: The USAO will fully inform the PSR writer and the court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

13. **Breach of Plea Agreement**: If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

14. **Abandonment of Property**: By signing this agreement, defendant hereby voluntarily abandons all right, title and interest to the property that was seized by law enforcement in this case.

Kristen L. Winemiller
*United States v. Calib James Austin*
June 14, 2012
Page 3

---

15.  **Total Agreement**: This letter states the full extent of the agreement between the parties. There are no other promises or agreements, express or implied, except as agreed to by both parties on the record in open court. If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea. This offer expires on June 21, 2012, at 4:00 p.m.

Sincerely,

S. AMANDA MARSHALL
United States Attorney

*/s/ Craig J. Gabriel*

CRAIG J. GABRIEL
Assistant United States Attorney


I hereby freely and voluntarily accept the terms and conditions of this plea offer, after first reviewing and discussing every part of it with my attorney. I expressly waive my rights to appeal as outlined in this agreement. I am satisfied with the legal assistance provided to me by my attorney. I wish to plead guilty because, in fact, I am guilty.

06/20/12
Date

CALIB JAMES AUSTIN – Defendant


I represent defendant as legal counsel. I have carefully reviewed and discussed every part of this agreement with defendant. To my knowledge defendant's decisions to enter into this agreement and to plead guilty are informed and voluntary ones.

6/20/12
Date

KRISTEN L. WINEMILLER – Attorney for Defendant